Plaintiffs, however, further discharged the burden of proving their allegation that Bertha Smith was in no way related to their mother, Pet Dixon, and was, therefore, ineligible under section 6 above quoted to be named or substituted as beneficiary.

Plaintiff Charles Jennings testified that Bertha Smith was not related to his mother, and Jetty Coleman, an elder sister of Pet Dixon, testified that Bertha Smith was in no way related to the deceased. Nowhere is this contradicted and Bertha Smith was not produced in court. It appears, therefore, that the purported change of beneficiary was illegal and that plaintiffs, as the original beneficiaries, are entitled to the proceeds. Burke v. District Grand Household of Ruth No. 26 et al. (La. App.) 149 So. 274.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of plaintiffs, Charles Jennings and Viola Byard, and against defendant, District Grand Household of Ruth No. 26, Grand United Order of Odd Fellows of the state of Louisiana, in the full sum of $300, plus legal interest thereon from judicial demand, until paid, together with costs of this proceeding.

Reversed.

H. S. & J. H. Morrison, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

PER CURIAM.

This matter comes before us on motion to dismiss the appeal because of alleged acquiescence in the judgment appealed from. The contention seems to be that, although plaintiff's wife, when she testified as a witness, stated that she had not withdrawn any of the fund on deposit to her credit, she has since made affidavit that, as a matter of fact, she did withdraw everything which defendant contends was withdrawn.

We think it advisable not to dismiss the appeal, but to allow the matter to be presented on the merits. If there is new evidence, or if, in fact, there is any evidence which we think should be again considered by the district court, we will, when the matter is presented on the merits, then consider the question of whether the whole case should be remanded to the district court.

For the reasons assigned, it is ordered, adjudged, and decreed that the motion to dismiss the appeal be, and it is, overruled.

Motion to dismiss overruled.

### DEMASI v. WHITNEY TRUST & SAVINGS BANK.*
No. 14872.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

### ANTOINE v. FRANICHEVICH.
No. 14840.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

*Rehearing granted June 24, 1935.